**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000900
28-JUN-2017
08:02 AM**

NO. CAAP-14-0000900

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-AB1, Plaintiff-Appellee,
v.
JEFFREY T. PECK, Defendant-Appellant,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC.; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0307)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Ginoza, JJ.)

In a case involving the foreclosure of real property on Kamehameha Highway in Ka'a'awa, Hawai'i ("Property"), Defendant-Appellant Jeffery Peck appeals from the Judgment entered on June 2, 2014, in the Circuit Court of the First Circuit ("Circuit Court").[1] On appeal, Peck contends that the Circuit Court erred in: (1) granting summary judgment in favor of Plaintiff-Appellee Bank of New York Mellon ("Mellon"); (2) granting a judgment of foreclosure in favor of Mellon; (3) making findings of fact 4, 6 (both),[2] 7, and 9; and (4) making conclusions of law A, B, and E. Finally, Peck asserts that these errors deprived him of his

---

[1] The Honorable Bert I. Ayabe presided.

[2] There are two consecutive findings of fact numbered 6.

constitutional rights to due process and equal protection.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Peck's points of error as follows.

On appeal, the grant or denial of summary judgment is reviewed *de novo*. *See State v. City & Cty of Honolulu*, 99 Hawaiʻi 508, 515, 57 P.3d 433, 440 (2002). In order to demonstrate that summary judgment was proper, Mellon must establish that at the commencement of foreclosure proceedings it had standing to foreclose on the Property by showing that it was entitled to enforce the note on which Peck defaulted. *Bank of America, N.A. v. Reyes-Toledo*, 139 Hawaiʻi 361, 368, 390 P.3d 1248, 1255 (2017) (citing *Sierra Club v. Haw. Tourism Auth.*, 100 Hawaiʻi 242, 257, 59 P.3d 877, 892 (2002)); *see Bank of Honolulu, N.A. v. Anderson*, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982) (stating that in order to prove entitlement to foreclose, plaintiff must show an agreement, terms of the agreement, default of the mortgagor under the terms of the agreement, and the giving of cancellation notice with an attesting affidavit).

In support of its motion for summary judgment, Mellon submitted a Declaration of Indebtedness made by Kathleen D. Salapow, as Assistant Vice President, Bank of America, N.A. ("Salapow Declaration"). In her declaration, Salapow explains that Bank of America, N.A. ("BANA") is Mellon's servicing agent for the subject loan ("Loan"); that BANA maintains records for the Loan in its capacity as Mellon's servicer; that as part of her responsibilities for BANA, she is familiar with the type of records maintained by BANA in connection with the Loan; that the information in her declaration is taken from BANA's business records; and that she has personal knowledge of BANA's procedures for creating these records.

Attached as Exhibits A and B to the Salapow Declaration were copies of an Interest Only Adjustable Rate Note ("Note") between Peck and Countrywide Home Loans, Inc., as lender, and the

related Mortgage[3/] and Interest Only Adjustable Rate Rider, each dated March 3, 2005. Each document bears Peck's signature. Salapow attests that Mellon "directly or through an agent *has possession* of the promissory note[,]" but she does not attest that Mellon held the Note when the complaint was filed. (Emphasis added.) Attached as Exhibit D was an Assignment of Mortgage ("Assignment") from MERS to Mellon dated April 25, 2011.[4/]

As noted, a foreclosing mortgagee must prove entitlement to enforce the note at the commencement of the action in order to prevail in a motion for summary judgment; proof of entitlement to enforce at the summary judgment stage is insufficient. *Reyes-Toledo*, 139 Hawai'i at 367-70, 390 P.3d at 1254-57. Accordingly, in order for Mellon to be entitled to summary judgment, it must prove that it held the Note at the time that the action commenced. *See U.S. Bank Nat'l Ass'n v. Lopez*, No. CAAP-16-0000396, 2017 WL 1944269 (Hawai'i App. May 10, 2017) (vacating and remanding where the Mortgagee claimed possession in the complaint, but did not prove possession of the note, indorsed in blank, until summary judgment); *see also U.S. Bank Nat'l Ass'n v. Argus*, No. CAAP-16-0000504, 2017 WL 2169591 (Hawai'i App. May 17, 2017) (finding that while the mortgagee proved possession of the note at the time of summary judgment, it failed to prove that it held the note at the commencement of the action, and so was not entitled to summary judgment.)

In the instant case, as in *Reyes-Toledo*, *Lopez*, and *Argus*, Mellon alleged in its complaint that it held the Note at the commencement of the action. However, it did not prove that allegation, but instead only established that it held the Note at the summary judgment phase, when it submitted Salapow's declaration and attached the blank indorsed note as proof of

---

[3/]     The Mortgage provides that Mortgage Electronic Regulation Systems, Inc. ("MERS") is a separate corporation acting as nominee for lender and lender's successors and assigns, and is the mortgagee under the Mortgage.

[4/]     The Assignment purports to assign "all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest[,]" and identifies Countrywide Home Loans, Inc. as the "original lender."

ownership.  Viewing the facts and inferences in the light most favorable to Peck, as we must for purposes of a summary judgment ruling, there is a genuine issue of material fact as to whether Mellon was entitled to enforce the Note at the time this foreclosure action was commenced.  Therefore, the Circuit Court erred in granting Mellon's motion for summary judgment.  *Reyes-Toledo*, 139 Hawai'i at 370-71, 390 P.3d at 1257-58.

Consequently, we need not address Peck's remaining points on appeal.

Therefore, the June 2, 2014 Judgment is vacated and this case is remanded to the Circuit Court for further proceedings.

DATED:  Honolulu, Hawai'i, June 28, 2017.

On the briefs:

R. Steven Geshell
for Defendant-Appellant.

Charles R. Prather and
Steven Idemoto
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4